Aaron SCOLNICK, Defendant, Appellant,

v.

UNITED STATES of America, Plaintiff, Appellee.

No. 6217.

United States Court of Appeals First Circuit.

Heard March 4, 1964.

Decided May 7, 1964.

of the accounts receivable picture. Nor were direct personal benefits to the defendant required. Murray & Sorenson, Inc. v. United States, 1 Cir., 1953, 207 F.2d 119, 42 A.L.R.2d 628.

Judgment will be entered affirming the judgment of the District Court.

Dean E. Nicholson, Haverhill, Mass., with whom Espovich & Nicholson, Haverhill, Mass., was on the brief, for appellant.

Sherman L. Cohn, Atty. Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., W. Arthur Garrity, Jr., U. S. Atty., and Harvey L. Zuckman, Atty. Dept. of Justice, were on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN, and ALDRICH, Circuit Judges.

PER CURIAM.

The facts in this case are fully set forth in the opinion below, United States v. Scolnick, D.Mass., 1963, 219 F.Supp. 408. We find no merit in the appeal. The endorsement and deposit for collection of a government check known to be issued by mistake in payment of an obligation already, in fact, satisfied is the presentation of a false claim within the meaning of the False Claims Act, 31 U.S.C. § 231. Cf. Dimmick v. United States, 9 Cir., 1902, 116 F. 825, cert. den. 189 U.S. 509, 23 S.Ct. 850, 47 L.Ed. 923. The court was not obliged to accept the defendant's protestations of innocence. Not only was he the principal officer and stockholder of the payee corporation, but the proceeds of the checks were disbursed by him in satisfaction of a corporate debt owed to his father, and for wage obligations the nonpayment of which might have resulted in defendant's incarceration, both reasons to suppose that he had been aware