**UNITED STATES of America,**
**Plaintiff,**

v.

**Fred FOWLER, Defendant.**

**Civ. A. No. 67–C–758.**

United States District Court
E. D. New York.

March 15, 1968.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., by Frank R. Natoli, Asst. U. S. Atty., for plaintiff.

No appearance for defendant.

*Memorandum of Decision
and Order*

MISHLER, District Judge.

■ The court, in a memorandum of decision and order dated December 15, 1967, declined to enter a default judgment based upon certain alleged violations of section 231 of title 31, United States Code (False Claims Act), on the ground that the Government had failed to submit sufficient proof in support of its claim. The Government was granted leave to submit additional proof, however, and evidence has since been presented to the Court tending to show that defendant perpetrated a fraud upon the Government in demanding and receiving checks for social security benefits for

the months of January to September, 1964.[1]

The only issue remaining is whether the endorsement and negotiation of each check was a claim within the meaning of the False Claims Act. The government maintains that these payments were made in reliance upon defendant's false statement concerning his past earnings, and his representation that he would notify the Department of Health, Education and Welfare ". . . if I went back to work." (The statement was dated March 4, 1964.)

In the previous memorandum of decision, the undersigned rejected this argument. An endorsement or negotiation of a check effects a transfer of the instrument, see, N.Y.U.C.C. §§ 3–202–3–207, but is not a demand for money or property, and is not actionable under the Act. Cf., United States v. Tieger, 234 F.2d 589, 591 (3d Cir.), cert. denied, 352 U.S. 941, 77 S.Ct. 262, 1 L.Ed.2d 237 (1956). After defendant negotiated the seven checks, however, his depositories, the Chase Manhattan Bank and Manufacturers Hanover Trust Company, in the ordinary course of business, presented the checks to the Treasurer of the United States for payment.

Though there is language in some of the cases to the effect that the False Claims Act was not designed to reach every kind of fraud practiced on the Government, see, United States v. McNinch, 356 U.S. 595, 599, 78 S.Ct. 950, 953, 2 L.Ed.2d 1001 (1958), the debates at the time of the Act's original enactment in 1863 suggest that it was intended to reach all types of fraud, without qualification, that result in financial loss to the Government. United States v. Neifert-White Co., 390 U.S. 228, 88 S.Ct. 959, 19 L.Ed.2d 1061, March 5, 1968. The court concludes that the presentation of each check to the Treasurer of the United States constituted a claim

within the meaning of the Act, see, United States v. Scolnick, 219 F.Supp. 408 (D.Mass.1963), aff'd 331 F.2d 598 (1st Cir. 1964); Dimmick v. United States, 116 F. 825 (9th Cir. 1902), cert. denied, 189 U.S. 509, 23 S.Ct. 850, 47 L.Ed. 923 (1903), and that defendant, who caused the presentment, must assume the liability.

The Government is entitled to judgment in the amount of $16,387.84, which sum includes damages, interest and costs.

---

1. Seven checks were received and negotiated. The check dated March 4, 1964 was in the sum of $321.00 and covered the months of January, February and March. The six checks for April through September were each in the sum of $107.00.